# ORIGINAL

FILED IN CLERK'S OFFICE
U.S D.C.  Atlanta

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APR 1 0 2007

JAMES N. HATTEN, Clerk
By: *JKPejckney* Deputy Clerk

| | |
|---|---|
| NEWS AMERICA MARKETING IN-STORE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ROBERT T. EMMEL, | ) ) |
| Defendant. | ) |

TCB

Civil Action File No.
**1 0 7 C V 0 7 9 1**

## VERIFIED COMPLAINT

COMES NOW News America Marketing In-Store, L.L.C., and for its Verified Complaint seeking injunctive and monetary relief against Robert T. Emmel, shows this Court as follows:

## Introduction

1.    This action concerns the devious and unauthorized retention by a former employee of News America Marketing In-Store, LLC ("News America") of the *entire contents* of a computer that he had used while employed as an account director by News America, as well as hard-copy documents. Specifically, on March 27, 2007, Defendant Robert T. Emmel ("Emmel") admitted to News America's legal representative that he had absconded with electronic documents and hard-copy documents sufficient to identify News America's customers as well

as retailers with whom News America does business. In so doing, Emmel has breached several independent contractual undertakings by which he had agreed to preserve the confidentiality of News America's proprietary information, as well as his common law and statutory obligations.

2.     Emmel further revealed that, since his termination from News America, he had accepted employment with a competitor, Pop Radio, L.P.  In addition, Emmel has already contacted one of News America's other competitors, Floorgraphics, Inc., which is engaged in highly contentious litigation against News America.  Emmel has further suggested that he intends to approach two more such competitors.  Accordingly, Emmel's continued possession of News America's records presents a clear and present danger of improper disclosure and competitive use and cannot be remedied fully by damages at law.  News America therefore seeks an injunction directing Emmel to account for and return all computer files and hard-copy documents that he has misappropriated and to cease and desist from disclosure of the files and documents.

## The Parties

3.     News America Marketing In-Store, L.L.C. is a limited liability company organized under the laws of Delaware and has its principal place of business at 1211 Avenue of the Americas, New York, New York 10036.  News

2

America maintains a local office at 3455 Peachtree Road, Suite 950, Atlanta, Georgia.

4.   Emmel is a citizen of the State of Georgia residing at 5755 Herdsville Road, Cumming, Georgia 30040.

## Jurisdiction and Venue

5.   News America is a citizen of the State of New York and Delaware and Emmel is a citizen of Georgia.

6.   The amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

7.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1367.

8.   Heritage Media Services, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in New York, is the sole member of News America.

9.   Heritage Media, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in New York, is the sole member of Heritage Media Services, LLC.

10.     News America Incorporated, which is a corporation organized under the laws of Delaware with its principal place of business in New York, is the sole member of Heritage Media, LLC.

11.     Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a), because the defendant resides in this judicial district and the events that form the basis of this action took place therein.

### Facts

12.     Emmel was employed as an account director by News America from February 1999 through November 2006, with responsibility for establishing and/or maintaining relationships with retailers with which News America has contracted for the exclusive rights to place in-store marketing services.

13.     Emmel was involuntarily terminated from his employment with News America in November 2006 for, among other reasons, gross insubordination.

14.     At the time of his employment termination, Emmel was also woefully behind is his primary employment goal -- his sales goal -- pacing at approximately 25% of his targeted number.

15.     In the course of and by virtue of Emmel's employment, Emmel was exposed to and entrusted with confidential and proprietary information belonging to News America.

4

16.     Emmel was also required to maintain the confidentiality of all such documents and information stored on News America's computers and other confidential information of which he became aware.

17.     In or about November 2002, Emmel acknowledged this obligation by executing a document captioned "Receipt of Electronic Communications Policy." A true and accurate copy of the executed Receipt and Policy are attached as Exhibit "A."

18.     The Electronic Communications Policy states, among other things, that all News America information contained on Emmel's computer "shall remain at all times the exclusive property of the Company."

19.     On or about July 30, 2004, Emmel further acknowledged his duty to maintain the confidentiality of his employer's proprietary business information by executing and delivering to News America a written acknowledgment that he had received a copy of News Corporation's Standards of Business Conduct. A true and accurate copy of the executed Acknowledgement of Receipt and the Standards are attached as Exhibit "B."

20.     News Corporation is the ultimate parent company of News America.

5

21.    The Standards of Business Conduct is a manual that applies to each and every employee of any News Corporation affiliated company, including News America.

22.    The Standards of Business Conduct provides in part: "The Company's employees are responsible for protecting the Company's confidential and proprietary information. No employee shall disclose confidential or proprietary information to a third-party without proper authorization or use such information for his or her own personal benefit, or in any manner inconsistent with the Company's interest. Confidential information includes, without limitation, information or data relating to the Company's planning, business strategy, projects, existing or potential customers, competitors or suppliers, financial results or operations, or any other information that is not generally known to the public. This prohibition also applies to the confidential information of the Company's customers, suppliers and other parties with whom the Company does business."

23.    At no time relevant has News America authorized Emmel to disclose any of its confidential or proprietary information.

24.    On January 10, 2001, Emmel signed a "Non-Disclosure and Non-Competition Agreement," with News America Marketing, a Delaware Corporation,

6

as the counterparty (the "2001 Agreement").[1]   A true and accurate copy of the 2001 Agreement is attached as Exhibit "C."

25.   In the 2001 Agreement, Emmel further undertook not to disclose trade secrets or other confidential information acquired in his employment and acknowledged that all "files, information, documents, programs and reports, etc. remain the property of the Company and must be returned."

26.   The 2001 Agreement also contained other restrictive covenants prohibiting Emmel from working for certain companies.

27.   Acknowledging that he was bound by the 2001 Agreement, Emmel, with the aid of legal counsel, negotiated his way out of certain of those restrictions (as discussed in the next paragraph).

28.   In consideration for a written waiver by News America of his covenant not to compete with News America after the termination of his employment, Emmel executed and delivered a subsequent agreement on or about December 21, 2006, in which he promised to "maintain in complete confidence, and not discuss, share, reveal, disclose or make available to any third party or

---

[1]   News America did not deliver to Emmel a countersigned copy of the 2001 Non-Disclosure and Non-Competition Agreement.   However, News America fully complied with its obligations under the 2001 Agreement.

entity any "Confidential Information" of the Company" (the "2006 Agreement"). A true and accurate copy of the 2006 Agreement is attached as Exhibit "D."

29.    The 2006 Agreement defined "Confidential Information" as, among other things, "all trade secrets . . . customer information . . . and/or compilations of information that was disclosed to or acquired by Emmel during or in the course of his employment that relates to the business of the Company and is not generally available to the public or generally known in the Company's industry."

30.    The 2006 Agreement specifies that it is governed by New York law.

31.    The 2006 Agreement did not provide an exemption for the production by Emmel of documents in response to a subpoena or otherwise in litigation.

32.    Emmel turned in his computer to News America on or about November 30, 2006 in connection with the termination of his employment.

33.    On March 27, 2007, Emmel was deposed in Atlanta, Georgia as a third-party witness in a federal action titled Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc., Civil Action No. 04-CV-3500, pending in the United States District Court for the District of New Jersey.

34.    In the course of the deposition, Emmel admitted that he had copied his entire hard drive and that he kept computer discs containing such information.

35.    News America had no idea that Emmel had done so.

8

36.    Without the knowledge or authorization of News America, Emmel kept the compact discs and continued to retain them after he turned in his computer in November 2006.

37.    At the deposition, Emmel purported to produce three compact discs as well as other News America documents in response to a subpoena served by Floorgraphics.

38.    Emmel repeatedly admitted during the deposition that the data included on his hard drive that he had copied and retained included information sufficient to identify customers of News America; their contact information; information relating to retailers with whom News America had business relationships and contracts; and that the files he had appropriated included information that fell within the definition of "Confidential Information" within the meaning of the 2006 Agreement.  True and correct copies of the relevant pages from the deposition transcript are attached as Exhibit "E."

39.    Emmel's retention of News America's confidential and proprietary information constitutes separate violations of his obligations that he owes to News America (i) at Common Law, (ii) under the Electronic Communications Policy, (iii) under the Standards of Business Conduct, (iv) under the 2001 Agreement, (v) under the 2006 Agreement, and (vi) by statute.

9

40.    Since the date of his deposition when News America first learned of Emmel's unlawful theft of the Company's confidential information and continuing through April 9, 2007. News America made numerous attempts to resolve this matter amicably, engaging Emmel's attorney in conversations with the hope of causing Emmel to return all such information.

41.    Emmel, through his attorney, refused to do so.

42.    News America files this lawsuit to seek redress for Emmel's unlawful theft and dissemination of its confidential information.

## FIRST CAUSE OF ACTION
### (For Injunctive Relief)

43.    The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

44.    News America has an interest in protecting confidential and proprietary matters related to its business.

45.    In an effort to protect its confidential and proprietary information, News America mandates that its employees execute the Receipt of Electronic Communications Policy and the acknowledgment that they have received the News Corporation's Standards of Business Conduct.

10

46.    In Emmel's case, News America took the further steps of bargaining with Emmel for the protections set forth in the 2001 Agreement as well as the stipulation of confidentiality that he agreed to in the 2006 Agreement.

47.    Emmel breached all of his undertakings to preserve the confidentiality of News America's documents.

48.    Unless restrained, Emmel will continue to possess and/or disclose confidential documents and information that are the sole property of News America.

49.    News America will be irreparably harmed by the disclosure of such documents and information.

50.    Emmel will not be burdened by complying with contractual undertakings to preserve the confidentiality of News America documents and information, which he had previously agreed to honor.

51.    News America has a high likelihood of success of the merits of its claims against Emmel.

52.    The issuance of an injunction as requested herein by News America will in all respects serve the public good, as the companies who are risk takers in the commercial world, having developed advantageous business and employment relationships, having accumulated trade secrets and confidential and proprietary

11

information, and having developed substantial customer bases and goodwill through the expenditure of substantial resources, should be protected.

53.    News America requests temporary, preliminary and permanent injunctive relief in the form of an order (i) prohibiting Emmel from disclosing any confidential information and documents of News America, including without limitation, those documents contained on compact discs copied from the hard drive of his computer during the course of his employment by News America; (ii) to account for and return each copy of such documents and information that Emmel retained without authorization following his termination and (iii) to provide to this Court a sworn declaration of his compliance with such order.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

54.    The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

55.    News America performed all of its obligations under the contract of employment with Emmel, the Electronic Communications Policy, the 2001 Agreement and the 2006 Agreement.

56.    Emmel breached his obligation to preserve the confidentiality of the documents that he copied and unlawfully retained from the hard drive of his computer and elsewhere.

12

57.     As a result of the foregoing, News America has been injured in an amount to be determined at trial, but no less than $75,000.00, and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer information, its goodwill and other legitimate business interests.

58.     By reason of the foregoing, and in engaging in the conduct above, Hamer has acted in bad faith, been stubbornly litigious, and has otherwise caused Plaintiff unnecessary trouble and expense which has caused Plaintiff to incur expenses in this litigation, including reasonably attorney's fees, which it is entitled to recover.

## THIRD CAUSE OF ACTION
## (Breach of Fiduciary Duty)

59.     The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

60.     As an employee of News America, at all relevant times Emmel was a fiduciary of News America and owed it the utmost duty of loyalty.

61.     Emmel intentionally misappropriated confidential and proprietary information of News America in violation of his fiduciary duty as an employee.

62.     As a result of the foregoing, News America has been injured in an amount to be determined at trial, but no less than $75,000.00, and because its

13

remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer information, its goodwill and other legitimate business interests.

63.     By virtue of Emmel's tortious conduct, News America is further entitled to recover punitive damages from Emmel in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (For Misappropriation and Conversion of Trade Secrets)

64.     The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

65.     The documents and information contained in Emmel's copies of his computer's hard drive, which he copied during his employment at News America, contain information that is not known outside News America and is not readily ascertainable by outsiders.

66.     Through standard computer privacy measures, including without limitation, the securing of confidentiality agreements such as those entered into by Emmel, News America has taken precautionary measures to prevent the information unlawfully retained by Emmel from becoming known to persons outside News America.

14

67.    News America expended considerable time and effort to develop the customer-specific, confidential information that Emmel retained from his computer.

68.    Emmel intentionally and without the knowledge or consent of News America appropriated confidential documents and information recorded on his computer hard drive in violation of his fiduciary relationship as an employee; by physically taking and then retaining the data without authorization after the termination of his employment despite his obligation to turn over all such documents and information at that time; and in breach of contractual obligations to preserve the confidentiality of such documents and information.

69.    Emmel has or inevitably will disclose the contents of confidential information and documents to persons having commercial interests adverse to News America, including but not limited to, Floorgraphics, Insignia Systems, and Valassis, causing damage that is not fully compensable through money damages.

70.    As a result of the foregoing, News America has been injured in an amount to be determined at trial, but no less than $75,000.00, and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer information, its goodwill and other legitimate business interests.

71.     By virtue of Emmel's tortious conduct, News America is further entitled to recover punitive damages from Emmel in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Georgia Computer Systems Protection Act)

72.     The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

73.     On August 7, 2006, by reason of the above, Emmel knowingly misappropriated News America's property, obtained such property by deceitful means and obtained such property in violation of the aforementioned agreements in violation of the Computer Systems Protection Act, O.C.G.A. § 16-9-90, *et seq*.

74.     By reason of the foregoing, News America is entitled to injunctive relief and actual damages pursuant to O.C.G.A. § 16-9-93(g).

75.     By reason of the acts alleged herein News America has been injured in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer information, its goodwill and other legitimate business interests.

## SIXTH CAUSE OF ACTION
### (Violation of the Computer Fraud and Abuse Act)

16

76.    The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

77.    The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* permits any person who suffers damage or loss by reason of the criminal activity prohibited by this federal criminal statute to bring a civil action for damages and injunctive relief.

78.    Emmel knowingly and with intent to defraud, accessed a protected computer, to wit, a computer owned by News America, and by means of such conduct furthered the intended fraud and obtained things of value, to wit, Confidential Information of News America regarding client and business information belonging to News America and the object of the fraud and the thing obtained and the value of the use of the information is more than $5,000 in violation of federal criminal law.  18 U.S.C. § 1030(a)(4).

79.    By reason of the acts alleged herein the Plaintiff has been injured in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer information, its goodwill, and other legitimate business interests.

17

## SEVENTH CAUSE OF ACTION
### (Violation of the Georgia Uniform Trade Secrets Act)

80.     The allegations in the foregoing paragraphs are repeated and re-alleged as if fully set forth herein.

81.     This is an action for injunctive relief pursuant to the Georgia Uniform Trade Secrets Act, O.C.G.A. § 10-1-761 *et seq.* ("GUTSA").

82.     The confidential information of News America constitutes trade secrets pursuant to the GUTSA.

83.     Emmel acquired such Confidential Information under circumstances giving rise to a duty to maintain its secrecy and limit its use.

84.     By reason of the above, Emmel has misappropriated News America's confidential information.

85.     By reason of the above, News America is entitled to injunctive relief for the actual and threatened continued misappropriation of its confidential information pursuant to O.C.G.A. § 10-1-762.

86.     By reason of the above, News America is entitled to attorneys' fees pursuant to O.C.G.A. § 10-1-764.

**WHEREFORE** News America demands judgment against Emmel as follows:

18

I.      Plaintiff News America prays for a temporary, preliminary and permanent judgment and order enjoining Emmel, and anyone in direct relationship with Emmel by contract or otherwise, and anyone acting on Emmel's behalf, either directly or indirectly, from

(a) using or disclosing any confidential information and documents of News America, including without limitation, those documents contained on compact discs copied from the hard drive of his computer during the course of his employment by News America; and

WHEREFORE,

II.     Plaintiff News America also requests the Court enter a temporary, preliminary and permanent order and judgment requiring Emmel, and anyone in direct relationship with Emmel by contract or otherwise, or anyone acting on Emmel's behalf to

(a) return to News America the hard copy documents and disks copied from News American's hard drive, and any and all notes, plans, computer software or other electronic media, recordings or records, customer lists or other records, retailer lists, employee lists or records, customer or retailer information, price sheets, reports, proposals, tools, financial information, technical information, and any reproductions or copies thereof, which relate in any way to News America's or

19

its clients', retailers', or customers', operations, business assets, employee files or records;

(b)     make the hard drive of any computer Emmel uses or has used available for inspection and cataloguing by a trained computer forensic expert so that such expert can determine the scope of computer data belonging to News America on Emmel's hard drive; and

(c)     provide the Court with a sworn declaration of his compliance with the order and judgment;


        WHEREFORE,

III.    Plaintiff News America prays for the following additional relief:

(a)     an award of monetary damages against Emmel in an amount to be determined at trial as a result of Emmel's wrongful conduct;

(b)     an award of punitive damages according to the proof at trial;

(c)     an award to Plaintiff of its attorney's fees, costs and expenses of this action; and

(d)     such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of April, 2007.

                                HOLLAND & KNIGHT LLP

Sara L. Doyle
Georgia Bar No. 228496
Kelli S. Lott
Georgia Bar No. 141263

2000 One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309
(404) 817-8500
(404) 881-0470 Fax

# 4473511_v1

21

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| NEWS AMERICA MARKETING<br>IN-STORE, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. |
| | ) _____ |
| ROBERT T. EMMEL, | ) |
| | ) |
| Defendant. | ) |

## VERIFICATION

I, J. Jordan Lippner, Esq., am Associate General Counsel for News America Marketing In-Store, LLC. I have authority to execute this Verification on behalf of News America Marketing In-Store, LLC. I have read the foregoing Complaint and the facts stated therein have been assembled by me and other authorized employees and counsel of News America Marketing In-Store, LLC and are true and correct to the best of my information, knowledge and belief.

Signed under penalty of perjury this the 10th day of April, 2007.

J. Jordan Lippner, Esq.

# 4473553_v1

3417974